## In re JERRY–SUE FASHIONS, INC., d/b/a Miss Tee For Me, J & L Concepts Toll Free and American Sweats, Debtor.

### JERRY–SUE FASHIONS, INC., a Florida corporation, Plaintiff,

v.

### I.T. ASSOCIATES, INC., Defendant.

### Bankruptcy No. 88–00517–BKC–SMW. Adv. No. 88–0301–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Oct. 20, 1988.

See also, Bkrtcy., 89 B.R. 995.

Thomas R. Lehman, Friedman & Lehman, P.A., Miami, Fla., for IT Associates, Inc.

Ted Bartelstone, Hollander Schiffrin & Bartelstone, Miami, Fla., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Jerry–Sue Fashions, Inc. (the "debtor") to recover preferential payments made to I.T. Associates, Inc. (the "creditor"), pursuant to 11 U.S.C. § 547(b) and § 550(a), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b) and § 157(a)(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(F).

The debtor was a manufacturer of clothing and the creditor was one of its trade creditors, supplying fabric to the debtor since October, 1986. Each time the debtor placed an order for fabric, the creditor would issue an invoice to the debtor for the payment of the goods ordered and at the same time or soon thereafter, ship the goods to the debtor. A total of thirty-one invoices, (the last one dated November 20, 1987), were issued by the creditor in connection with sales of fabric to the debtor. Although the payment terms contained on the invoices required payment by the debtor within thirty days of the date of the invoice, the transactions between the creditor and the debtor were governed by a more extended credit terms. For example, of the thirty-one invoices issued in connection with shipments of goods to the debtor, only one invoice was paid on or before thirty days after the debt was incurred. Fourteen of the invoices issued to the debtor by the creditor were not paid until thirty to forty days after invoice date and eighteen of the invoices were not paid until forty to sixty days after invoice date.

The debtor commenced this action to avoid and recover four payments, totalling $10,050.00 which were made to the creditor within ninety days of the filing of the involuntary petition in this case. The four payments made to the creditor occurred between forty-nine and seventy-four days after the indebtedness was incurred by the debtor. As with all payments made by the debtor to the creditor, the four payments were made by checks drawn on the debtor's operating account. Furthermore, at the time the four payments were made, the debtor had not ceased all or a portion of its business.

In defense of the debtor's preference claim, the creditor argues that the payments made by the debtor fall under the preference exception contained in 11 U.S.C. § 547(c)(2). Under 11 U.S.C. § 547(c)(2) payments made by the debtor within the ninety day preference period may not be avoided if: (1) the payments were made on debts incurred in the ordinary course of business of the debtor and creditor; (2) the payments were made in the ordinary course of business between the debtor and the creditor; and, (3) the payments were made according to ordinary business terms.

Section 547(c)(2) protects payments which do not result from "unusual" debt collection practices. *Marathon Oil Company v. Flatau (In re Craig Oil Co.)*, 785 F.2d 1563 (11th Cir.1986). In determining whether a transferee has established the requirements of the preference exception for a payment of a debt incurred by the debtor in the ordinary course of business, the Court will consider the parties prior course of dealing, the amount of the payment, the timing of the payment, and the circumstances surrounding the payment. *Newton v. Ed's Supply Co., Inc. (In re White)*, 58 B.R. 266 (Bankr.E.D.Tenn.1986). Thus, evidence of "unusual" debt collection practices not insulated by 11 U.S.C. § 547(c)(2), include changes in the method of payment by the debtor to the creditor (for example, a change from payments made by check to payments made by cashier's check or cash), payments made after the debtor has ceased all or a portion of its business operations and payments which are late, relative to the parties' prior course of dealing.

Although the invoices issued by the creditor contained thirty day payment terms, the parties established a course of dealing pursuant to which the debtor was allowed to exceed the thirty day payment terms considerably. The majority of the debtor's payments to the creditor were forty to sixty days after the indebtedness was incurred and in one instance, sixty-two days after the indebtedness was incurred. The Court finds that the four payments made by the debtor were not late payments when viewed in the context of the party's prior course of dealing, and therefore, were made according to ordinary business terms between the debtor and creditor.

In addition to being made according to ordinary business terms, the four payments sought to be avoided in this action were made in the ordinary course of business between the debtor and the creditor. First, the four payments were made by check drawn on the debtor's operating account, as was customary by the debtor. Therefore, the manner of payment was not at variance with the parties' course of dealing. Second, the debtor had not ceased all

or a portion of its business operations at the time the four payments were made. Therefore, the Court finds that the four payments which the debtor seeks to recover from the creditor were made in the ordinary course of its business and thereby are not recoverable by the debtor under 11 U.S.C. § 547(b).

Based on the foregoing, this Court finds that the four payments totalling $10,050.00 which the debtor seeks to avoid as preferential payments under 11 U.S.C. § 547(b) come within the ordinary course of business exception and cannot be recovered by the debtor.

A separate Final Judgment of even date has been entered in conformity herewith.